STATE OF MAINE
SAGADAHOC, ss.

SUPERIOR COURT
CIVIL ACTIONS

CLAIR'S DOLPHIN RESTAURANT, INC.,

Plaintiff/Appellee

v.

ULYSSYS CO., INC.,

Defendant/Appellant

Docket No. AP-04-001

DONALD L. ............
LAW ...

JUL 9 2004

**********************************************

ULYSSYS CO., INC.,

Plaintiff/Appellant

v.

CLAIR'S DOLPHIN RESTAURANT, INC.,

Defendant/Appellee

Docket No. AP-04-002

*****************************************************

SIATRAS BUSINESS VENTURES,

Plaintiff/Appellee

v.

ULYSSYS CO., INC.,

Defendant/Appellant

Docket No. AP-04-003

## DECISIONS ON APPEAL

The above-captioned matters came before the court for hearing on the appeal of Ulyssys Co., Inc. of three of four small claims decisions made in the District Court. The three claims, which involve the same parties and arose generally out of the same

transactions, were heard in a consolidated fashion, though the court entered separate judgments as to each of the three. The fourth decision was not appealed. The three appeals were timely filed, briefs submitted, and oral argument was presented in a consolidated hearing. The court has fully considered the briefs, oral argument, transcript of the hearing before the District Court on January 2, 2004, and exhibits introduced at that time. After a brief background discussion, the three appeals will be considered separately below.

## Background

All three claims arise generally from the sale of a restaurant business in Brunswick by Siatras Business Ventures (Clair's Dolphin) to Ulyssys Co. In docket number 001, Clair's Dolphin Restaurant (the seller) claimed that it had loaned the sum of $1,100 to Ulyssys Co. on the opening day of its new restaurant in order to provide cash tills to make change for customers. The plaintiff claims that this loan was never repaid and filed the Statement of Claim to obtain reimbursement. After hearing, the District Court granted judgment to the plaintiff in the amount of $1,100 plus costs.

In docket number 002, Ulyssys Co. (the purchaser of the restaurant) claimed that Clair's Dolphin had breached their contract and sought damages for the costs of certain repairs to the restaurant property. Ulyssys Co. also sought reimbursement in the amount of $36.28 for an obligation of Siatras from prior to the transfer of ownership.[1] After hearing, the court granted judgment to the plaintiff but limited the award to the $36.28 reimbursement plus costs. According to the District Court, this reduction in the amount of the damage award was due to the plaintiff's failure to place in evidence the contract which it alleged was breached, and evidence indicating that one of the repairs

---

[1] This obligation was a refund made to Bowdoin College officials for unsatisfactory pizza.

(replaced kitchen floor) had been done at the defendant's expense. The plaintiff appealed from this decision.

In docket number 003, Siatras Business Ventures sought damages in the amount of $600 for a rental check from a previous tenant which Siatras claims Ulyssys Co. received and converted by cashing the check and depositing into a Ulyssys Co. account. After hearing, the District Court granted judgment to the plaintiff in the amount sought ($600) plus costs.

## Discussion

In appeals of small claims judgments from the District Court to the Superior Court, the appeal is limited to questions of law only, or on issues of fact by means of a *de novo* jury trial if the defendant has requested such jury trial *de novo*. In the present case, neither party requested a *de novo* jury trial as to any of the three cases and the appeal is limited to questions of law. M.R.S.C.P. 11(d). The general standard of review on appeal is to determine whether the District Court made any errors of law, abused its discretion, or made findings unsupported by substantial evidence in the record.

With regard docket number 001, the appellant's brief indicates its belief that certain arguments and exhibits caused confusion and concealed material facts during the District Court hearing. During oral argument, the appellant suggested that there was no evidence of record of any loan which it had made to the appellee. After reading the entire transcript of the trial, this court does not detect any sense of confusion on the part of the District Court or any concealment of facts. Further, there was evidence of the loan of the cash drawers contaned in the testimony of Thomas Siatras, which the District Court apparently believed and which is substantial evidence of that loan. The appeal will be denied.

With regard to docket number 002, in its brief the appellant Ulyssys Co. argues that the introduction of the missing contract into evidence referred to in the judgment would have breached a confidentiality agreement between the parties. However, this was never presented to the District Court Judge for his determination as to whether the exhibit could be introduced, and the issue was not saved for appeal. The appellant also suggests again that the District Court decision was confusing and perhaps the court itself was confused. However, this court does not detect any confusion. The court's reference to the kitchen floor replacement costs is understandable since considerable time was spent on these repairs even though they were not part of the plaintiff's claim. The appeal will be denied.

In docket number 003, appellant Ulyssys Co., while admitting that it cashed and deposited the check, argues that there was no evidence of a conversion. On the contrary, the plaintiff introduced correspondence from both the president of the defendant corporation and its attorney which clearly show that the rent check was retained and cashed under circumstances which constitute wrongful withholding. The court finds no abuse of discretion or error of law and the appeal will be denied.

Based on the foregoing, the entry will be:

    (1)    In docket number AP-04-001, the District Court judgment is AFFIRMED in whole and REMANDED to the District Court.
    (2)    In docket number AP-04-002, the District Court judgment is AFFIRMED in whole and REMANDED to the District Court.
    (3)    In docket number AP-04-003, the District Court judgment is AFFIRMED in whole and REMANDED to the District Court.

Dated: June 25, 2004

_____
S. Kirk Studstrup
Justice, Superior Court